**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2009

Charles R. Fulbruge III
Clerk

No. 09-30007
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICHARD NENIGAR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-CR-149-1

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Richard Nenigar appeals the 48-month, nonguidelines sentence imposed following his guilty-plea conviction of failure to register as a sex offender. In district court, his counsel objected to that sentence as excessive.

Nenigar contends: his sentence is unreasonable and excessive; it is not supported by the factors in 18 U.S.C. § 3553(a); and it results in a sentencing disparity with other similarly-situated defendants. Nenigar also asserts that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court failed to comply with § 3553(c)(2) because it did not state with specificity its reasons for imposing the sentence in its written order.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentencing is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Pursuant to *Gall*, we engage in a bifurcated review process of the sentence imposed. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, as discussed above, we consider whether the district court committed "a significant procedural error", such as miscalculating the advisory guidelines range. *Id.* at 752-53. If there is no error, or it is harmless, we proceed, as also discussed above, to the second step and review, for an abuse of discretion, the substantive reasonableness of the sentence imposed. *Id.* at 751-53.

Because Nenigar failed to raise in district court his contentions that the sentence imposed creates a sentencing disparity with other defendants and that the district court failed to comply with § 3553(c)(2), we review these issues only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), *cert. denied*, 2009 WL 1849974 (5 Oct. 2009) (No. 08-11099). To establish reversible plain error, Nenigar must show (1) there was error, (2) it was plain (clear or obvious), and (3) it affected his substantial rights. *E.g.*, *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If reversible plain error is established, we still have discretion to correct such error and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court found: Nenigar had indicated a knowing intent not to comply with the registration requirements; he had failed to comply with registration requirements for more than two years; this failure had occurred in different states; and, given his prior offense involving a child, there was a need to provide adequate deterrence and to protect the public, as well as to promote respect for the law. The district court also noted Nenigar's need to obtain vocational training to prevent him from becoming homeless. The district court thus considered the § 3553(a) factors and Nenigar's individual circumstances and concluded that a non-guidelines sentence was warranted. There was no abuse of discretion. *See United States v. Herrera-Garduno*, 519 F.3d 526, 530-32 (5th Cir. 2008); *United States v. Mejia-Huerta*, 480 F.3d 713, 716-19, 723 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2954 (2008).

There was no plain error with respect to the alleged sentencing disparity in the light of the district court's careful articulation and balancing of the § 3553(a) factors in determining the variance was warranted. *See Gall*, 128 S. Ct. at 597. Finally, any error under § 3553(c)(2) is not plain, because the district court's oral statement of reasons is sufficient to allow meaningful appellate review. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 348-49 (5th Cir. 2006); *United States v. Gore*, 298 F.3d 322, 325-26 (5th Cir. 2002).

AFFIRMED.